IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KASTON HUDGINS,**

                **Petitioner,**

          v.                                                                            **CASE NO. 22-3173-JWL-JPO**

**DAN SCHNURR,**

                **Respondent.**

## **NOTICE AND ORDER TO SHOW CAUSE**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes before the Court on Petitioner Kaston Hudgins' pro se petition, filed July 1, 2022. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that this matter was not filed within the applicable statute of limitations. Therefore, the Court will direct Petitioner to show cause why the matter should not be dismissed as time-barred.

**Background**

In July 2009, Petitioner drove away from a traffic stop initiated by a Cherokee County sheriff's deputy. During the resulting high-speed car chase, Petitioner rear-ended another vehicle and killed the two individuals inside. *See State v. Hudgins*, 301 Kan. 629, 630-31 (2015)(*Hudgins I*). A jury convicted Petitioner of two counts of first-degree murder and one count of fleeing and eluding a law enforcement officer and the Cherokee County District Court sentenced him to two concurrent sentences of life in prison without the possibility of parole for 20 years plus a consecutive sentence of 6 months in prison. *Id.* Petitioner pursued a direct appeal, but on April 3, 2015, the Kansas Supreme Court (KSC) affirmed. *Id.* at 629-30.

On March 21, 2016, Petitioner filed a state habeas action under K.S.A. 60-1507. *See* Kansas

District Court Public Access Portal[1] (KDCPAP), Cherokee County Case No. 2016-CV-000021; *Hudgins v. State*, 2019 WL 1868735, *1 (Kan. Ct. App. April 26, 2019)(unpublished opinion)(*Hudgins II*), *rev. denied* Dec. 18, 2019. The state district court held an evidentiary hearing on Petitioner's claims but, at the end of the hearing, denied Petitioner's motion. *Id.* at *2. Petitioner appealed and, on April 26, 2019, the Kansas Court of Appeals (KCOA) affirmed. *Id.* at *1. The KSC denied review on December 18, 2019.

On May 10, 2021, Petitioner filed a second state post-habeas action under K.S.A. 60-1507. *See* KDCPAP, Cherokee County Case No. CK-2021-CV-000023. In an order dated August 31, 2021, the state district court denied the motion. *Id.* On September 15, 2021, Petitioner filed a supplemental K.S.A. 60-1507 motion, which the district court denied on September 27, 2021. Petitioner filed a pro se notice of appeal and a motion to appoint counsel on October 21, 2021. In a letter dated January 17, 2022, Petitioner inquired of the Clerk of the Cherokee County District Court as to the status of his case, but the online docket reflects that the state district court has taken no action on the motion to appoint counsel. Moreover, the online records of the Kansas Appellate Courts do not reflect that an appeal has been docketed.

On August 19, 2022, Petitioner filed with this Court a petition for federal habeas relief pursuant to 28 U.S.C. § 2254. Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the response, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

In the petition, Petitioner challenges his convictions of two counts of first-degree murder and one count of fleeing and eluding a law enforcement officer. He asserts four grounds for relief. As Ground One, Petitioner asserts that his Sixth Amendment right to effective assistance of counsel was violated when his trial counsel failed to (1) consult or hire an expert to testify how Petitioner's blood alcohol level affected his mental capabilities, (2) preserve a defense based on the theory that

---

[1] https://search.kscourts.org/ProdPortal/

by violating Cherokee County Sheriff's Department policy, the deputy involved in the chase contributed to the fatal car accident; (2) argue voluntary intoxication and request a voluntary intoxication jury instruction; and (4) argue that Petitioner lacked the requisite mental state to have committed the crimes. (Doc. 1, p. 18.) Petitioner also asserts that under a cumulative error analysis, trial counsel was ineffective. *Id.*

Liberally construing Ground Two, Petitioner argues that his federal due process rights were violated by prosecutorial misconduct when the prosecutor repeatedly and erroneously informed the jurors that they had to agree that he was not guilty of felony murder before they could consider the lesser-included offenses. *Id.* at 19-20. As Ground Three, Petitioner asserts that the district court violated his constitutional right to be tried by an impartial jury when the district court told defense counsel in front of the panel to "pick up the pace" during voir dire and then again in-chambers expressed frustration with defense counsel's questioning during voir dire. *Id.* at 20. Petitioner contends that the district court's limitations on voir dire and comments to defense counsel led to individuals who should have been struck remaining on the jury. *Id.* at 21. He specifically identifies three jurors whom he alleges defense counsel should have stricken or objected to constitutes ineffective assistance of counsel and he asserts that the district court's restriction of voir dire violated his Sixth Amendment rights.[2]

As Ground Four, Petitioner asserts that the cumulative effect of the errors in his trial violated his constitutional rights to a fair trial and to due process. *Id.* As relief, Petitioner asks the Court to find his constitutional rights were violated and order the state to grant him a new trial. *Id.* at 14.

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas

---

[2] Petitioner also states that the restriction of voir dire violated "section 100 of the Kansas Constitution Bill of Rights." (Doc. 1, p. 21.) But "[f]ederal habeas relief does not lie for errors of state law." *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "'To the extent [the petitioner] argues the state court erroneously interpreted and applied state law, that does not warrant habeas relief[.]'" *Hawes v. Pacheco*, 7 F.4th 1252, 1264 (10th Cir. 2021)(quoting *Boyd v. Ward*, 179 F.3d 904, 916 (10th Cir. 1999)).

> corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the United States Supreme Court allow ninety days from the date of the conclusion of direct appeal in state courts for an individual to file in the United States Supreme Court a petition for writ of certiorari, which is a request for review by the United States Supreme Court. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his or her] direct appeal, the one-year limitation period begins to run when the time for filing certiorari petition expires." *United States v. Hurst*, 322 F.3d 1259 (10th Cir. 2003).

In this matter, the KSC issued its opinion in Petitioner's direct appeal on April 3, 2015. Petitioner states that he did not file a petition for certiorari in the United States Supreme Court. (Doc. 1, p. 2.) Thus, Petitioner's convictions became final the day after the expiration of the time to file a petition for certiorari:  July 4, 2015. At that time, the one-year federal habeas limitation period began to run.

The statute also contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Thus, the one-year federal habeas limitation period was tolled, or paused, when Petitioner filed his first K.S.A. 60-1507 motion on March 21, 2016. At that point, approximately 260 days of the year had expired, leaving approximately 105 days remaining.

The proceedings on the 60-1507 motion concluded when the KSC denied review on December 18, 2019, and the one-year federal habeas limitation period resumed the next day. It expired approximately 105 days later, on or around April 3, 2020.[3] Yet Petitioner did not file this federal habeas petition until July 1, 2022. Thus, the information now before the Court reflects that this matter is untimely.

Petitioner has left blank the part of the form § 2254 petition that addresses timeliness. (Doc. 1, p. 13.) The one-year federal habeas limitation period is subject, however, to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

There also is an exception to the one-year federal habeas limitation period that applies in cases of actual innocence. To obtain the actual innocence exception to the federal habeas limitation period, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th

---

[3] Because Petitioner did not file his second K.S.A. 60-1507 motion until May 10, 2021, well after the federal habeas limitation period expired, it does not affect the analysis of whether this federal habeas petition is timely. Moreover, the filing of the second K.S.A. 60-1507 motion did not restart the federal habeas limitation period. *See* 28 U.S.C. § 2244(d)(1) (identifying which events start the federal habeas limitation period).

982, 1030 (10th Cir. 2021). Rather, he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). If Petitioner wishes to assert the actual innocence exception, he must identify for the Court the "new reliable evidence" not presented at trial that makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."

**Conclusion**

As explained above, the petition currently before the Court does not appear to have been timely filed and it is subject to dismissal unless Petitioner can demonstrate grounds for additional statutory tolling or equitable tolling or he can establish that the actual innocence exception to the time limitation applies. Therefore, the Court will direct Petitioner to show cause why his petition should not be dismissed as time-barred. If Petitioner successfully does so, the Court will continue with its review of the petition as required by Rule 4 and issue any further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including September 26, 2022, in which to show cause, in writing, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation.

**IT IS SO ORDERED.**

DATED:   This 24h day of August, 2022, at Kansas City, Kansas.

<u>S/ James P. O'Hara</u>
JAMES P. O'HARA
United States Magistrate Judge