## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KASTON HUDGINS,

                                         Petitioner,

        v.                                                   CASE NO. 22-3173-JWL-JPO

DAN SCHNURR,

                                         Respondent.


## <u>MEMORANDUM AND ORDER</u>


This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court directs Respondent to file a limited Pre-Answer Response addressing the timeliness of this action. In addition, because the $5.00 filing fee was paid on September 9, 2022, the motion for leave to proceed *in forma pauperis* (Doc. 5) will be denied as moot.

**Background**

In July 2009, Petitioner drove away from a traffic stop initiated by a Cherokee County sheriff's deputy. During the resulting high-speed car chase, Petitioner rear-ended another vehicle and killed the two individuals inside. *See State v. Hudgins*, 301 Kan. 629, 630-31 (2015)(*Hudgins I*). A jury convicted Petitioner of two counts of first-degree murder and one count of fleeing and eluding a law enforcement officer and the Cherokee County District Court sentenced him to two concurrent sentences of life in prison without the possibility of parole for 20 years plus a consecutive sentence of 6 months in prison. *Id.* Petitioner pursued a direct appeal, but on April 3, 2015, the Kansas Supreme Court (KSC) affirmed. *Id.* at 629-30.

Petitioner then pursued relief in state court by filing a timely state habeas action under K.S.A.

60-1507. *See* Kansas District Court Public Access Portal[1] (KDCPAP), Cherokee County Case No. 2016-CV-000021; *Hudgins v. State*, 2019 WL 1868735, *1 (Kan. Ct. App. April 26, 2019) (unpublished opinion) (*Hudgins II*), *rev. denied* Dec. 18, 2019. The state district court ultimately denied Petitioner's motion. *Id.* at *2. Petitioner appealed and, on April 26, 2019, the Kansas Court of Appeals (KCOA) affirmed. *Id.* at *1. The KSC denied review on December 18, 2019.

On May 10, 2021, Petitioner filed a second state post-habeas action under K.S.A. 60-1507. *See* KDCPAP, Cherokee County Case No. CK-2021-CV-000023. After the district court denied the motion, Petitioner filed a supplemental K.S.A. 60-1507 motion, which the district court also denied. Petitioner filed a pro se notice of appeal and a motion to appoint counsel on October 21, 2021. From the information now before this Court, it appears that the state district court has taken no action on the motion to appoint counsel, nor has an appeal been docketed.

On August 19, 2022, Petitioner filed with this Court a petition for federal habeas relief pursuant to 28 U.S.C. § 2254. Therein, Petitioner challenges his state court convictions and asserts four grounds for relief.

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the response, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). After reviewing the petition, the Court concluded that it appears this matter was not timely filed. Thus, on August 24, 2022, the Court issued a Notice and Order to Show Cause (Doc. 3) that explained that this action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides that a one-year limitation period applies to petitions for writ of habeas corpus brought by an individual in custody under a state court judgment.

The one-year limitation period generally runs from the date the judgment becomes "final,"

---

[1] https://search.kscourts.org/ProdPortal/

as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The NOSC explained to Petitioner how the date a judgment becomes final is calculated and that in this matter, "Petitioner's convictions became final [on] July 4, 2015. At that time, the one-year federal habeas limitation period began to run." (Doc. 3, p. 4.) The NOSC further noted, however, that the relevant federal statute also contains a provision that tolls "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* at 5; *see also* 28 U.S.C. § 2244(d)(2).

        Applying the relevant statutory provisions, the NOSC stated:

>     [T]he one-year federal habeas limitation period was tolled, or paused, when Petitioner filed his first K.S.A. 60-1507 motion on March 21, 2016. At that point, approximately 260 days of the year had expired, leaving approximately 105 days remaining.
>     The proceedings on the 60-1507 motion concluded when the KSC denied review on December 18, 2019, and the one-year federal habeas limitation period resumed the next day. It expired approximately 105 days later, on or around April 3, 2020. Yet Petitioner did not file this federal habeas petition until July 1, 2022. Thus, the information now before the Court reflects that this matter is untimely.

(Doc. 3, p. 5 (footnote omitted).)

        The NOSC advised Petitioner that the federal habeas limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Id.* (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted)). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). The NOSC identified certain circumstances that may warrant equitable tolling and others that generally will not. (Doc. 3, p. 5.) Finally, the NOSC explained that actual innocence can create an exception to the one-year time limitation. To qualify for the actual innocence exception, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts,

or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Thus, the Court ordered Petitioner to show good cause, in writing, why this matter should not be dismissed as untimely filed.

Petitioner has now replied to the NOSC. (Doc. 4.) While he largely agrees with the dates set forth in the NOSC, he makes two important corrections. He informs the Court that he delivered his first 60-1507 petition to prison officials for mailing on March 1, 2016, rendering it deemed filed as of that date. (Doc. 4, p. 2.) *See United States v. Hopkins*, 920 F.3d 690, 696 n. 8 (10th Cir. 2019) (explaining that the prison mailbox rule "makes the date on which he presented his motion to prison officials for mailing the filing date for timeliness purposes"); *State v. Griffin*, 312 Kan. 716, 724 (2021) (explaining that under the prison mailbox rule "a defendant's pleading is considered 'filed' when submitted to prison authorities for mailing"). Similarly, Petitioner delivered his second 60-1507 petition to prison officials for mailing on April 28, 2021, even though it was not officially filed by the state district court until May 10, 2021. Thus, the second 60-1507 petition is deemed filed as of April 28, 2021.

Petitioner also presents multiple arguments for equitable tolling of the federal habeas limitation period, as well as an argument that the actual innocence exception applies to this case. (Doc. 4.) The Court will not detail those arguments in this order. Rather, the Court finds that resolving the timeliness question in this matter requires additional information from the Respondent, so the Court concludes that a limited Pre-Answer Response (PAR) is appropriate. *See Wood v. Milyard*, 566 U.S. 463, 467 (2012); *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008).

Accordingly, the Court directs Respondent to file such a response limited to addressing the affirmative defense of timeliness under 28 U.S.C. § 2244(d). If Respondent does not intend to raise that defense, Respondent shall notify the Court of that decision in the PAR. Upon receipt of the PAR, the Court will issue further orders as necessary.

**IT IS THEREFORE ORDERED** that Respondent is granted to and including October 27, 2022, in which to file a Pre-Answer Response that complies with this order.

4

**IT IS FURTHER ORDERED** that the motion for leave to proceed in forma pauperis (Doc. 5) is **denied as moot.**

**IT IS SO ORDERED.**

DATED:   This 27th day of September, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge